IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ALI JABALI, ET AL.,            )        CIVIL NO. 08-00059 JMS-LEK
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
WILBERT Y.C. MAU, ET AL.,      )
                               )
          Defendants.          )
_____)


<u>**ORDER TO SHOW CAUSE**</u>

          This Court's August 5, 2008 Rule 16 Scheduling Order

set a settlement conference in this matter for Monday, January 5,

2009.  Pro se Plaintiffs Ali Jabali, Lois Malonzo, Le Bod

Enterprises, Inc., and Matrix (individual Disable comfort Cat)

(collectively "Plaintiffs") neither appeared at this conference,

nor submitted a settlement conference statement, as required by

Local Rule LR16.5(b)1.

          Courts do not take the failure to comply with court

orders lightly.  Rule 16(f) states, in pertinent part:

          (1) In General.  On motion or on its own, the
          court may issue any just orders, including those
          authorized by Rule 37(b)(2)(A)(ii)-(vii), if a
          party or its attorney:
               (A) fails to appear at a scheduling or other
               pretrial conference;
               . . . .
               (C) fails to obey a scheduling or other
               pretrial order.
          (2) Imposing Fees and Costs.  Instead of or in
          addition to any other sanction, the court must
          order the party, its attorney, or both to pay the
          reasonable expenses--including attorney's

> fees--incurred because of any noncompliance with
> this rule, unless the noncompliance was
> substantially justified or other circumstances
> make an award of expenses unjust.

Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(A) provides that, if a party fails to obey a court order, the court may, *inter alia*, strike pleadings or dismiss the action in whole or in part.  <u>See</u> Fed. R. Civ. P. 37(b)(2)(A)(iii), (v).

Plaintiffs failed to comply with this Court's scheduling order setting the settlement conference.  Although pro se litigants are held to less stringent standards than those of their legal counterparts, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam); <u>Jackson v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003), Plaintiffs' pro se status cannot excuse them from complying with the procedural or substantive rules of the court. <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (citation omitted)); <u>see also</u> <u>United States v. Bell</u>, 27 F. Supp. 2d 1191, 1197 (E.D. Cal. 1998).

Accordingly, the Court HEREBY ORDERS Plaintiffs to appear in person before this Court on **Monday, February 2, 2009 at 9:30 a.m.**, to show good cause, if any, why the Court should not impose sanctions for their failure to appear at the conference.

In addition, the Court notes that Plaintiffs are proceeding pro se but only Plaintiff Jabali has signed the documents filed in this case.  There is no indication in the

2

record that Plaintiff Jabali is an attorney licensed to practice in this district.  Although Plaintiff Jabali, acting pro se, may file pleadings, motions, and other documents on his own behalf, he cannot file on behalf of any other plaintiff.  See Local Rule LR83.2 ("Only a member of the bar of this court or any attorney otherwise authorized by these rules to practice before this court may enter an appearance for a party, sign stipulations or receive payment or enter satisfaction of judgment, decree or order.").  A non-attorney's submission of court filings on behalf of another party constitutes the authorized practice of law and may subject the non-attorney to sanctions.  See Local Rule LR83.5 (stating that any person who "pretends to be entitled to" exercise the privileges of an attorney "may be found guilty of contempt of court and suffer appropriate punishment thereof").  The Court therefore CAUTIONS Plaintiff Jabali that he can only file documents on his own behalf, and, if he continues to file documents on behalf of the other Plaintiffs, he may face sanctions.  Further, the Court CAUTIONS Plaintiff Malonzo that, if she fails to personally participate in the action, her claims may be dismissed for failure to prosecute.

The Court also notes that Plaintiff Le Bod Enterprises, Inc. ("Plaintiff Le Bod") cannot represent itself pro se because a corporation may only appear in federal court through licensed counsel.  See Rowland v. Cal. Men's Colony, Unit II Men's

3

<u>Advisory Council</u>, 506 U.S. 194, 201-02 (1993); <u>see also</u> 28 U.S.C. § 1654; Local Rule LR83.6(b).  This rule also applies to other artificial entities.  <u>See</u> <u>Rowland</u>, 506 U.S. at 202.  This Court therefore ORDERS Plaintiff Le Bod to obtain counsel by **February 2, 2009**.  If Plaintiff Le Bod is unable to retain counsel by that date, a representative from Plaintiff Le Bod should appear at the hearing to update the Court about Plaintiff Le Bod's efforts to retain counsel.  The Court CAUTIONS Plaintiff Le Bod that it cannot file documents or otherwise appear in this matter until it retains counsel.  The Court further CAUTIONS Plaintiff Le Bod that, if it does not retain counsel within a reasonable amount of time, this Court will recommend that the district judge dismiss Plaintiff Le Bod's claims for failure to prosecute.

Finally, this Court notes that one of the Plaintiffs is Matrix (individual Disable comfort Cat).  "It is obvious that an animal cannot function as a plaintiff in the same manner as a juridically competent human being." <u>Cetacean Cmty. v. Bush</u>, 386 F.3d 1169, 1176 (9th Cir. 2004).  An animal, however, may have standing if the applicable statute authorizes suits in an animal's name.  <u>See</u> <u>id.</u>  Plaintiffs brought the instant action pursuant to Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act").  The Fair Housing Act does not appear to authorize suits

in an animal's name. <u>See</u> 42 U.S.C. § 3613(a)(1)(A) (stating that an "aggrieved person" may bring a civil action), § 3602(d) (defining "person"). This Court therefore ORDERS Plaintiffs to show good cause, if any, why the claims brought by Matrix should not be dismissed for lack of standing. Plaintiffs shall file a memorandum addressing this issue by no later than **January 29, 2009**. Defendants may file a response by no later than **February 11, 2009**. The Court will take the matter under advisement thereafter and issue a recommendation to the district judge. The Court CAUTIONS Plaintiffs that, if they fail to file the memorandum by the deadline, this Court will recommend that the district judge dismiss the claims brought on Matrix's behalf.

The Clerk's Office is directed to serve this order upon Plaintiffs via certified mail, return receipt requested.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 8, 2009.



　　　　　　　　　　　/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge


**ALI JABALI, ET AL. V. WILBERT Y.C. MAU, ET AL; CIVIL NO. 08-00059 JMS-LEK; ORDER TO SHOW CAUSE**