IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALI JABALI, ET AL., | ) | CIVIL NO. 08-00059 JMS-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WILBERT Y.C. MAU, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDING AND RECOMMENDATION THAT**
**CASE BE DISMISSED WITH PREJUDICE**

On January 9, 2009, this Court issued an Order to Show Cause ("OSC") why pro se Plaintiffs Ali Jabali, Lois Malonzo, Le Bod Enterprises, Inc., and Matrix (individual Disable comfort Cat) (collectively "Plaintiffs") should not be sanctioned for their failure file a settlement conference statement and their failure to appear at a January 5, 2009 settlement conference. This Court ordered Plaintiffs to appear in person on February 2, 2009 to respond to the OSC.  This Court also: ordered Plaintiff Le Bod Enterprises, Inc. ("Plaintiff Le Bod") to obtain counsel prior to the hearing on the OSC or to appear at the hearing to explain their efforts to retain counsel; and ordered Plaintiffs to file a memorandum by January 29, 2009 to show good cause why the claims brought by Plaintiff Matrix should not be dismissed for lack of standing.  Plaintiffs did not file a memorandum addressing Matrix's standing.

The Court also notes that on December 2, 2008, Defendant Wilbert Y.C. Mau filed a Motion to Compel Discovery and for Sanctions ("Motion to Compel"), based on Plaintiff Jabali's and Plaintiff Malonzo's failure to appear at their depositions. This Court granted the Motion to Compel on December 31, 2008.

This matter came on for a hearing on the OSC on February 2, 2009. Adrian Chang, Esq., appeared on behalf of Defendant Mau. Three calls were made for Plaintiff Jabali[1] and no one answered. The Court also attempted to call Plaintiff Jabali at the phone number he provided to the district court, but that number has been disconnected. Mr. Chang also confirmed that the phone number which he had for Plaintiff Jabali was disconnected and that Plaintiffs have not been responding to any of his discovery requests or other correspondence.

Courts do not take failure to comply with court orders lightly. Rule 16(f) provides, in pertinent part:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>     (A) fails to appear at a scheduling or other pretrial conference;
>     . . . .
>     (C) fails to obey a scheduling or other pretrial order.

Rule 37(b)(2)(A)(v) provides that the court may "dismiss[] the

---

[1] All of the other Plaintiffs list their contact information as care of Plaintiff Jabali.

action or proceeding in whole or in part[.]"  Fed. R. Civ. P. 37(b)(2)(A)(v).  In addition, Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]"

Plaintiffs failed to comply with the OSC and failed to appear at the hearing on the OSC.  Further, Plaintiff Le Bod cannot prosecute this case without counsel and Plaintiffs have not established that a cat has standing to prosecute a claim under Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act").  Plaintiffs Jabali and Malonzo have failed to prosecute this action, have failed to respond to discovery and other deadlines, and have not kept the Clerk's Office and this Court apprised of their current contact information.  After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[2] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the

---

[2]  The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives."  Bautista, 216 F.3d at 841 (citation omitted).

policy favoring disposition of cases on the merits.  Moreover, the defendants will not be prejudiced and there are no less drastic alternatives available at this time.

In accordance with the foregoing, this Court RECOMMENDS that this case be DISMISSED WITH PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, February 2, 2009.



　　　　　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States Magistrate Judge

**ALI JABALI, ET AL. V WILBERT Y.C. MAU, ET AL; CIVIL NO. 08-00059 JMS-LEK; FINDING AND RECOMMENDATION THAT CASE BE DISMISSED WITH PREJUDICE**