IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALI JABALI, LOIS MALONZO, LE BOD ENTERPRISES, INC., and MATRIX (individual disable comfort cat), | ) ) ) ) | CIVIL NO. 08-00059 JMS/LEK ORDER DENYING PLAINTIFF ALI E. JABALI'S MOTION FOR RELIEF |
| Plaintiffs, | ) ) | FROM JUDGMENT AND/OR RECONSIDERATION OF JUDGMENT |
| vs. | ) ) | |
| WILBERT Y.C. MAU, WILBERT AND BEATRICE APARTMENTS, JOHN DOES 1-10, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**<u>ORDER DENYING PLAINTIFF ALI E. JABALI'S MOTION FOR RELIEF FROM JUDGMENT AND/OR RECONSIDERATION OF JUDGMENT</u>**

Pro se Plaintiff Ali E. Jabali ("Jabali" or "Plaintiff") filed this action

against Defendants Wilbert Y.C. Mau and Wilbert and Beatrice Apartments

(collectively, "Defendants") alleging violations of the Fair Housing Act.  Shortly

after attending an August 4, 2008 Rule 16 Scheduling Conference, Jabali failed to

comply with court deadlines or participate in this action in any way.  Accordingly,

on February 25, 2009, the court dismissed this action with prejudice.  On May 6,

2009, Jabali filed a Motion titled "Motion for 'Relief from Judgment['] Rule

60.(grds.b.,(1) mistaken inadvertence (server) (2) 'Excusable Neglect!', surprise,

unjust equity) to Set Aside Judgment & Reconsideration" ("Jabali's Rule 60(b)

Motion"), in which he argues that he is entitled to relief from judgment under Rule

60(b)(1).  Because, as explained below, none of Jabali's excuses sanction his

failure to participate in this action for over eleven months, the court DENIES

Jabali's Rule 60(b) Motion.

## I.  **BACKGROUND**

On February 13, 2008, Jabali filed a Complaint against Defendants for

their alleged violations of the Fair Housing Act.  On August 4, 2008, Magistrate

Judge Kobayashi held a Rule 16 Scheduling Conference ("August Scheduling

Conference") in which Jabali and counsel for Defendants attended.  Magistrate

Judge Kobayashi set forth deadlines for several events, including that the parties

submit settlement conference statements by December 29, 2008 and attend a

settlement conference before her on January 5, 2009.  Also on August 4, 2008,

Jabali filed notice of his address at Bougainville Drive in Honolulu (the

"Bougainville address") and his new cell phone number with the court.  Doc. No.

20.[1]

Jabali has not conducted or participated in discovery since shortly

after the August 4, 2008 scheduling conference.  Following the August 4, 2008

---

[1]  The Rule 16 Scheduling Order was mailed to the Bougainville address.  *See* Doc. Nos. 20-21.

hearing, Defendants informed Plaintiff of their intention to take his deposition.  *See*

Doc. No. 23, Ex. B, Chang Decl. ¶ 2; Pl.'s Rely unmarked pages 6-8.  Defendants

claim that shortly after the status conference, defense counsel called Plaintiff to

schedule a deposition and that, during that conversation, Plaintiff indicated he

could not attend a deposition in September or October.  *See* Doc. No. 23, Ex. B,

Chang Decl. ¶ 3.  Plaintiff disputes that Defendants contacted him and instead

asserts that he contacted defense counsel, but concedes that he spoke to defense

counsel's receptionist and informed her that he was not available for a deposition

in the weeks following the status conference or in the following month because he

was "going on a vacation."  *See* Pl.'s Reply unmarked pages 6-8.[2]  On August 6,

---

[2]  Plaintiff's Reply states the following regarding his conversation with defense counsel's receptionist regarding scheduling his deposition:

> Pro-se [Plaintiff] DID INDEED CALL ATTY. CHANGS OFFICE . . . days later and talked to his office receptionist.

> And respectfully, informed her that Plaintiff would not be available to be 'deposed' on Atty. Changs date or time table.

> She then asked Pro-se if Plaintiff would be available a week from that date.  Pro-se reply was No or Negative!

> She then asked if the following month would Plaintiff be available to be deposed.  And again Pro-se stated that No! ***he would not be available.***  to be deposed then either.

> And that Plaintiff/Pro-se needed time off and was going on a vacation.  But would be available to be 'deposed!' at a future date.

(continued...)

2008, defense counsel sent Jabali a letter at the Bougainville address requesting that Jabali contact him to set up a mutually agreed upon date and time to conduct his deposition and, if he refused, informing him that Defendants would unilaterally schedule his deposition.  *See* Doc. No. 23, Ex. A.  On September 2, 2008, Defendants filed a Notice of Taking Deposition Upon Oral Examination with the court, setting Jabali's deposition for October 15, 2008; Jabali was served via U.S. mail at the Bougainville address.  *See* Doc. No. 22.  Jabali neither attended his October 15, 2008 deposition nor informed defense counsel of his inability to attend.  *See* Doc. 23, Ex. B.

On December 2, 2008, Defendants filed a Motion to Compel Discovery and for Sanctions ("Defendants' Motion to Compel") against Jabali for failure to attend his deposition.[3]  Doc. No. 23.  Because no Opposition was filed, the court granted Defendants' Motion to Compel on December 31, 2008 and ordered Jabali to appear for a deposition at a date no earlier than January 29, 2009 and awarded Defendants reasonable attorneys' fees and costs incurred in connection with the deposition Jabali failed to attend.  Doc. No. 25.

---

[2](...continued)
Pl.'s Reply unmarked page 8 (reproduced as filed).

[3]  Defendants' Motion to Compel and notice from the court regarding Defendants' Motion to Compel were both served via U.S. mail to the Bougainville address.  *See* Doc. Nos. 23-24.

Jabali then failed to file his settlement statement on December 29, 2008 or attend the January 5, 2009 settlement conference.[4]  Doc. No. 27.  Because Jabali failed to comply with these court ordered deadlines set forth at the August Scheduling Conference, on January 9, 2009, Magistrate Judge Kobayashi issued an Order to Show Cause why sanctions should not be imposed.[5]  *Id.*  Jabali did not respond to the Order to Show Cause or appear at the February 2, 2009 hearing on the Order to Show Cause.  *See* Doc. No. 30.  Magistrate Judge Kobayashi therefore entered a finding and recommendation that this case be dismissed with prejudice, which the court adopted on February 24, 2009.[6]  *See* Doc. Nos. 31-32.  Judgment was entered on the same day.  Doc. No. 33.

On March 4, 2009, the court received the following seven pieces of mail, originally sent to Jabali, which were returned as undeliverable: Rule 16 Scheduling Order, Notice of Hearing on the Motion to Compel, Order to Show Cause, Finding and Recommendation That Case Be Dismissed Without Prejudice,

---

[4]  At the January 5, 2009 settlement conference, Magistrate Judge Kobayashi attempted to contact Plaintiff at three different phone numbers that he had provided the court (including the number provided on August 4, 2008), but two were out of service and one did not belong to Plaintiff.  *See* Doc. No. 26.

[5]  On the same day, the Order to Show Cause was sent to Plaintiff at the Bougainville address via certified mail.  Doc. No. 27.

[6]  Jabali also did not respond to Magistrate Judge Kobayashi's February 3, 2009 finding and recommendation.

Order Adopting Magistrate's Findings and Recommendation, and the August 4, 2008 Minute Order. *See* Doc. Nos. 34-40.

On May 6, 2009, over two months after this action was closed, Jabali filed his Rule 60(b) Motion.[7]  Defendants filed an Opposition on May 18, 2009, and Plaintiff filed a Reply on May 29, 2009.[8]

## II.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 60(b) provides for relief only upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) for "extraordinary circumstances" that justify relief.  Fed. R. Civ. 60(b); *Fantasyland Video, Inc. v. County of S.D.*, 505 F.3d 996, 1005 (9th Cir. 2007).

Plaintiff brings his Motion pursuant to Rule 60(b)(1).  Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect."  In examining what constitutes

---

[7]  Jabali's Rule 60(b) Motion provided the court with his new address and telephone number. *See* Doc. No. 42.

[8]  Pursuant to Local Rule 7.2(d), the court finds that it can determine this Motion without a hearing.

6

"excusable neglect," the Supreme Court has stated

> that the determination [of what sorts of neglect will be
> considered "excusable"] is at bottom an equitable one,
> taking account of all relevant circumstances surrounding
> the party's omission.  These include . . . the danger of
> prejudice to the [party opposing the motion], the length
> of the delay and its potential impact on judicial
> proceedings, the reason for the delay, including whether
> it was within the reasonable control of the movant, and
> whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)

(interpreting "excusable neglect" under bankruptcy rule); *Briones v. Riviera Hotel

& Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (per curiam) (applying *Pioneers'*

definition of "excusable neglect" to "excusable neglect" under Rule 60(b)(1)).

"These four enumerated factors, while not an exclusive list, provide a framework

with which to determine whether missing a filing deadline constitutes 'excusable'

neglect."  *Briones*, 116 F.3d at 381; *see also Noah v. Bond Cold Storage*, 408 F.3d

1043, 1045 (8th Cir. 2005) ("To be excusable . . . the neglect must be accompanied

by a showing of good faith and some reasonable basis for not complying with the

rules.").

    After *Pioneer*, however, mere "inadvertence, ignorance, . . . or

mistakes . . . do not usually constitute 'excusable' neglect."  *Kyle v. Campbell Soup

Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (citing *Pioneer*, 507 U.S. at 392); *see, e.g.*,

*Aguiar-Carrasquillo v. Agosto-Alicea*, 445 F.3d 19, 28 (1st Cir. 2006) (affirming

denial of Rule 60(b)(1) reconsideration where plaintiffs "exercised no diligence to

meet the filing deadlines established by the district court"); *Noah*, 408 F.3d at 1045

(affirming denial of Noah's Rule 60(b)(1) motion because failure to comply with

the scheduling and trial order and the order to show cause was not "excusable

neglect").

The disposition of a Rule 60(b) motion for relief from judgment is

within the sound discretion of the district court. *Casey v. Albertson's Inc.*, 362

F.3d 1254, 1257 (9th Cir. 2004).

### III. <u>ANALYSIS</u>

Applying the equitable test of *Pioneer* and *Briones*, the balancing of

the equities weighs strongly against granting Jabail's Rule 60(b) Motion.

First, Plaintiff's eleven month delay in participating in this action has

caused prejudice to Defendant Wilbert Y.C. Mau ("Wilbert").  Wilbert is currently

94 years old and in declining physical health -- therefore, the extended delay in this

action caused by Plaintiff's failure to comply with court deadlines and submit to

discovery have adversely affected Wilbert's ability to defend himself.  Garton Mau

Decl. ¶¶ 2-4.  Although Plaintiff asserts that his main claims are against Garton

Mau, Wilbert's son, *see* Pl.'s Reply unmarked pages 12-14, that does not remedy

the prejudice to Wilbert, and the fact that Wilbert, not Garton, is named as a Defendant.  This factor, therefore, weighs against finding that Jabali's actions constituted "excusable neglect" under Rule 60(b)(1).

Second, if Jabali's Rule 60(b) Motion were granted, Plaintiff's failure to meet the various court-imposed deadlines, to respond to any of the motions or orders filed over the last eleven months, and to participate in discovery would necessarily delay the judicial proceedings.  Simply, Plaintiff's failure to participate in this action for over eleven months would delay the proceedings for *at least* that long.  This factor cuts against finding in favor of Plaintiff.

Third, Jabali missed court ordered deadlines due to his own carelessness.  Namely, he admits that he missed the settlement conference because he confused the date January 5, 2009 with June 5, 2009.  *See* Pl.'s Mot. unmarked pages 9, 18, Pl.'s Reply unmarked pages 4-5.  Additionally, because Jabali does not provide any explanation why he missed the December 29, 2008 settlement conference statement deadline or why he failed to provide the court with updated contact information,[9] at the bare minimum those errors must be attributed to his

---

[9] "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  *See Carey v. King*, 856 F.2d 1439, 1141 (9th Cir. 1988) (per curiam) (upholding sanction in form of dismissal of action for pro se plaintiff's failure to prosecute where notice of dismissal was returned as undeliverable); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his

(continued...)

own negligence.[10]  Further, Jabali *intentionally* delayed this proceeding by refusing to provide opposing counsel with a date to take his deposition.  *See* Pl.'s Reply unmarked pages 8-9; Chang Decl. ¶¶ 2-7.  Further, the delay -- caused by Plaintiff's negligence and avoidance tactics -- was due to circumstances entirely within his own control.[11]  Thus, this factor weighs heavily in favor of finding for Defendants.

Finally, Jabali's refusal to provide defense counsel with a date for his deposition without providing a valid reason for his unavailability indicates that he acted with something less than good faith.  Put differently, Plaintiff's assertion that he was not available for a deposition because he was "going on a vacation"

---

[9](...continued)
lawsuit.").  Further, it is clear that Jabali was aware of his responsibility to provide the court with his up-to-date contact information because, prior to Jabali missing the deadlines regarding the settlement conference, he notified the court when he could not attend a status conference on April 10, 2008, *see* Doc. No. 11, and notified the court again when his telephone number changed on August 4, 2008.  *See* Doc. No. 20.

[10]  While the court recognizes that Jabali's homelessness understandably caused him extreme difficulty and subjected him to substantial hurdles, Jabali does not assert that his homelessness prevented him from meeting court-ordered deadlines, contacting the court, or agreeing on a deposition date.

[11]  Jabali argues that the "mistake, inadvertence, surprise, or excusable neglect" is actually not on his part, but that of the Clerk's office for failing to email him filings in this action after unsuccessfully trying to reach him via the address and phone number he provided to the court on August 4, 2008.  The court, however, finds this argument utterly unavailing.  Jabali was present at the August Scheduling Conference and was therefore informed that he must submit a settlement conference statement by December 29, 2008 and attend a settlement conference before Magistrate Judge Kobayashi on January 5, 2009.  Any failure to comply with those deadlines is due to his own carelessness, not due to the Clerk's office's failure to track him down.

10

coupled with his failure to participate in this action for eleven months indicate that

Jabali did not intend to meaningfully participate in discovery.  This factor weighs

strongly against finding that Jabali's conduct constituted "excusable neglect" under

Rule 60(b)(1).

In sum, all of the factors weigh against granting Jabali relief from the

judgment pursuant to Rule 60(b)(1).  That is, there is prejudice to Wilbert Mau, the

delay -- caused by Jabali's negligent failure to comply with court deadlines and

intentional refusal to participate in discovery -- significantly impacted the judicial

proceedings, and he acted with bad faith.  Accordingly, Jabali's neglect was not

"excusable" under Rule 60(b)(1).

While the court recognizes that Plaintiff is appearing pro se, such

status does not render him immune from the sound application of the rules of this

court.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must

follow the same rules of procedure that govern other litigants.").[12]

---

[12]  Liberally construing Jabali's Rule 60(b) Motion, he may also request relief from
judgment due to "extraordinary circumstances" pursuant to Rule 60(b)(6).  "To receive Rule
60(b)(6) relief, a moving party must show both injury and that circumstances beyond its control
prevented timely action to protect its interests."  *Lehman v. United States*, 154 F.3d 1010, 1017
(9th Cir. 1998) (citation and quotation signals omitted); *see also Fantasyland Video, Inc.*, 505
F.3d 996, 1005 (9th Cir. 2007) ("[Rule 60(b)(6)] has been used sparingly as an equitable remedy
to prevent manifest injustice and is to be utilized only where extraordinary circumstances
prevented a party from taking timely action to prevent or correct an erroneous judgment."
(citation and quotation signals omitted)).  Because Jabali was on notice of court imposed
deadlines and that defense counsel wished to depose him and because he has not alleged that

(continued...)

11

## IV.  CONCLUSION

For the reasons above, the court DENIES Jabali's Motion for Relief from Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 9, 2009.



```
   /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge
```

*Jabali et al. v. Mau et al.*, Civ. No. 08-00059 JMS-LEK, Order Denying Plaintiff Ali E. Jabali's Motion for Relief from Judgment and/or Reconsideration of Judgment

---

[12](...continued)
circumstances beyond his control prevented his compliance with either, Rule 60(b)(6) also provides him no relief.